IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Corso,                          Case No. 3:09 CV 1143

          Petitioner,                    MEMORANDUM OPINION
                                           AND ORDER
     -vs-
                                           JUDGE JACK ZOUHARY
J. T. Shartle, Warden, et al.,

          Respondents.

## INTRODUCTION

Before the Court is *pro se* Petitioner Anthony Corso's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Corso, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against F.C.I. Elkton Warden J.T. Shartle and the Bureau of Prisons (BOP). Corso claims he is entitled to sixteen months sentence credit and seeks an order modifying his federal sentence.

This is the second Petition Corso filed regarding this issue. The first was filed in this Court on April 23, 2008 and dismissed without prejudice for failure to exhaust administrative remedies. *See Corso v. Shartle, et al.*, No. 4:08-CV-1042 (N.D. Ohio 2008) (Gwin, J.). Since then, Corso has exhausted his administrative remedies. The matter is now ripe for disposition.

## BACKGROUND

On September 12, 1993, Corso was involved in the robbery of an HMV Records store in Harvard Square. He was indicted in the Commonwealth of Massachusetts and charged with masked armed robbery, stealing by confining, use of a firearm while committing a felony, possession of a firearm, possession of Class E contraband substance, and possession of a hypodermic syringe.

Petitioner pleaded guilty to masked arm robbery and use of a firearm while committing a felony. The court sentenced Corso to "concurrent five to seven year terms" in prison. Corso was released on February 10, 1995, after serving sixteen months for the offense, with the balance of his sentence suspended.

Corso appeared before a federal grand jury in the United States District Court for the District of Massachusetts on March 9, 1995. Prosecutors determined Corso gave false testimony at the hearing, which led to an eight count indictment issued May 11, 1995. *U. S. v. Corso, et al*, No. 1:95-CR-10150 (D. Mass. 1995). The indictment charged Corso with racketeering conspiracy (Count 1), racketeering (Count 2), interstate transportation of stolen property (Count 3), conspiracy (Count 4), perjury (Count 6), felon in possession of a firearm (Count 7), and carrying a firearm in relation to a crime of violence (Count 8). Corso pled guilty to all counts on July 25, 1995.

Judge Nathaniel Gorton held a sentencing hearing on December 7, 1995. Attorney Anthony Cardinale, on behalf of Corso, later claimed he failed to apprise Judge Gorton that Corso already served a sixteen month sentence in the Commonwealth of Massachusetts for Counts 7 and 8. While this claim suggests Judge Gorton was unaware Petitioner served time in state prison for the HMV Records robbery, the presentence report attached to the petition indicates "[a]t the time of his false testimony, Corso, recently *released from state custody on his armed robbery conviction arising out of the robbery of HMV Records*, was on probation in Middlesex County" (Pet.'s Ex. A, p. 11) (emphasis added).

Petitioner was sentenced concurrently to 151 months in prison on Counts 1 and 1, 120 months on Counts 3 and 7, 60 months on Counts 4 and 6, followed by a consecutive sentence of 60 months for Count 8. Corso is now serving the consecutive 60 month sentence.

2

When Corso's sentence computation data was released, he noticed the BOP did not include a sixteen month credit for "time he served in the Commonwealth of Massachusetts' state prison for crimes that where [sic] fully taken into account when determining his current federal sentence" (Pet. at ¶ 14). This prompted a motion to vacate, set aside or correct sentence filed in the District Court of Massachusetts on April 3, 1997, pursuant to 28 U.S.C. §2255, arguing Corso's guilty plea was obtained unlawfully. *Corso v. U. S.*, No. 1: 97-11075 (D. Mass. 1997). Seven months later, the court denied the motion.

On July 12, 2007, Corso filed a petition for writ of habeas corpus in his criminal case in the District Court of Massachusetts pursuant to 28 U.S.C. § 2241 and 18 U.S.C. § 3582. *Corso v. Marberry*, No. 07-11288 (D. Mass. 1997), arguing he was entitled to sixteen months credit on his federal sentence because he already served that length of time in the Commonwealth of Massachusetts for what he believed was the same offense. Corso claimed but for his attorney's "oversight" at the time of sentencing, he would have been entitled to the benefit of a downward departure under United State Sentencing Guideline § 5G1.3, comment (note 7).

The District Court of Massachusetts determined Corso's petition was "in legal effect" a second or successive Section 2255 motion for which he would need to seek appellate court approval for leave to file. The district court advised Corso it lacked jurisdiction to review his pleading as a Section 2255 motion without leave from the appeals court. Further, to the extent Petitioner was attempting to utilize the safety valve provision under Section 2255, requiring him to argue that his remedy under Section 2255 is "inadequate or ineffective," he also failed to come within the district court's reach. The court noted he did not argue this remedy was inadequate or ineffective to test the legality of his

3

detention.[1]  Finally, the court determined 18 U.S.C. § 3582 did not provide a basis upon which a district court could modify a prisoner's sentence.  To the extent Corso sought and was granted leave to file a second or successive motion to vacate his sentence, the district court dismissed his petition without prejudice.

In his Petition before this Court, Corso argues he is entitled to sixteen months credit on his federal sentence for time he served in the Commonwealth of Massachusetts.  In the alternative, Petitioner seeks a hearing to determine whether there is any credit to which he is entitled.

## ANALYSIS

Corso argues his federal convictions for being a felon in possession of a firearm and carrying a firearm in relation to a crime of violence were already addressed by his conviction in the Commonwealth of Massachusetts, for which he served sixteen months in state prison.  Corso maintains his attorney failed to inform Judge Gorton the offenses were the same, which allowed the judge to impose federal sentences for being a felon in possession of a firearm and for carrying a firearm in relation to a crime of violence.  He believes he is entitled to sixteen months credit on his federal sentence.

Citing Section 5G1.3 of the United States Sentencing Guidelines, Corso claims his state sentence was an "undischarged term of imprisonment [which] resulted from offense(s) . . . fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3. Corso acknowledges his sixteen month sentence was fully discharged at the time his federal sentence

---

[1] The district court also explained that if the petition sought to address the manner in which the BOP was executing his sentence, it lacked personal jurisdiction over his custodian. The District Court of Massachusetts noted it was not the proper court within which to challenge the execution of Petitioner's sentence under Section 2241 because he was incarcerated in western Pennsylvania at the time.

was imposed, but believes *Witte v. U.S.*, 515 U.S. 389 (1995) supports his entitlement to credit for the discharged term. Moreover, he argues the "intent [of §5G1.3] was designed to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence" (Doc. No. 1-1 at 6). For reasons set forth below, this dispute is beyond the jurisdiction of this Court.

## 28 U.S.C. § 2241

Prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). While Corso is in the custody of Warden J. T. Shartle at F.C.I. Elkton, over whom this Court has personal jurisdiction, the Court does not have subject matter jurisdiction to adjust Corso's underlying sentence.

## 18 U.S.C. § 3585

After a district court sentences a federal offender, the Attorney General, through the BOP, is responsible for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because offenders have a right to certain jail-time credit under Section 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. *U.S. v. Wilson*, 503 U.S. 329, 335 (1992); *U.S. v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("[P]ower to grant credit for time served lies solely with Attorney General and Bureau of Prisons"); 18 U.S.C. § 3585(b).

Under Section 3585(b), a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention *prior to the date the sentence commences*." 18 U.S.C. § 3585(b) (emphasis added). A review of Corso's attached Sentence Monitoring Computation Data sheet reveals the BOP gave him federal sentence credit from May 16, 1995 until September 19, 1995. This reflects the time before Corso began serving an eighteen month sentence for the civil contempt from September 19, 1995 until January 4, 1996.[2]

Corso claims the federal sentencing judge should credit his sixteen months state sentence. Of course "the sentence" at issue here is Corso's federal sentence. The difficulty with his argument, however, is that his state sentence ended *before* he was taken into federal custody.

Corso's request is not for Section 3585 credit. Instead, he is seeking an adjustment to his federal sentence. Federal prisoners seeking to challenge their convictions or imposition of their sentence must file in the sentencing court under 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). By statute, Corso cannot challenge his conviction and sentence under

---

[2] Although Corso does not mention this issue in his present Petition, it was fully disclosed in his prior petition, as follows:

> Almost four years after filing his motion for reconsideration, Neil Colleran wrote a letter dated March 9, 2004 to the BOP Regional Counsel's Office. The letter was forwarded to Regional Inmate Systems Administrator Fernando Messer, who responded directly to Mr. Colleran in a letter dated April 7, 2004. Mr. Messer advised Mr. Colleran that as of December 7, 1995, the date the District Court of Massachusetts imposed its sentence, petitioner was still serving an 18 month sentence for civil contempt. The sentence for the civil contempt charge was imposed on September 18, 1995 and expired on January 4, 1996. Mr. Messer explained that the district court applied 128 days jail credit to Corso's 151 month prison term. The time period for which Corso was seeking credit had, therefore, "either [been] credited towards Corso's 151 months sentence, or credited on the 18 months Civil Contempt term." (Letter of 4/7/04 from Messer to Colleran.)

*Corso v. Shartle, et al*, No. 1:08-CV-1042 (Mem. of Op. at 3) (N.D. Ohio July 28, 2008). "Jail credit" is indicated on his Sentence Computation sheet, but without explanation.

Section 2241, "if it appears [he] . . . has failed to apply for relief, by [§ 2255] motion, to the Court which sentenced him, or that such Court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999).

Corso has not argued his Section 2255 remedy is inadequate or ineffective to test the legality of his conviction. Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision (*see e.g., Charles*, 180 F.3d at 756); or because Section 2255 relief has already been denied (*see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)); or because petitioner is procedurally barred from pursuing relief under Section 2255 (*see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc)); or because petitioner has been denied permission to file a second or successive motion to vacate (*see In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998)). Having failed to demonstrate entitlement to the safety valve provision of Section 2255, Corso's Petition is denied.

## CONCLUSION

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 9, 2009